1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   ERROL D. SMITH,                              Civil No.    08-0303 JAH (POR)
12                              Petitioner,
                                                 **ORDER TRANSFERRING ACTION**
13         vs.                                   **TO UNITED STATES DISTRICT**
                                                 **COURT FOR THE CENTRAL**
14                                               **DISTRICT OF CALIFORNIA,**
     ROSIE GARCIA, Warden, et al.,               **WESTERN DIVISION**
15                              Respondents.
16

17         Petitioner is a state prisoner proceeding pro se with a habeas corpus action filed pursuant

18   to 28 U.S.C. § 2254.  Petitioner has also a filed a motion to proceed in forma pauperis.  Upon

19   reviewing the petition, the Court finds that this case should be transferred in the interest of

20   justice.  Thus, this Court does not rule on Petitioner's in forma pauperis status.

21         A petition for writ of habeas corpus may be filed in the United States District Court of

22   either the judicial district in which the petitioner is presently confined or the judicial district in

23   which he was convicted and sentenced.  *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial*

24   *Circuit Court*, 410 U.S. 484, 497 (1973).  The application in the present matter attacks a

25   judgment of conviction that was entered in the Los Angeles County Superior Court, which is

26   within the jurisdictional boundaries of the United States District Court for the Central District

27   of California, Western Division.  28 U.S.C. § 84(c)(2).  Petitioner is presently confined at

28   Richard J. Donovan Correctional Facility, located in San Diego County, which is within the

1    jurisdictional boundaries of the United States District Court for the Southern District of

2    California.  28 U.S.C. § 84(d).  Thus, jurisdiction exists in both the Central and Southern

3    Districts.

4          When a habeas petitioner is challenging a judgment of conviction, the district court of the

5    district in which the judgment of conviction was entered is a more convenient forum because of

6    the accessibility of evidence, records and witnesses.  Thus, it is generally the practice of the

7    district courts in California to transfer habeas actions questioning judgments of conviction to the

8    district in which the judgment was entered.  Any and all records, witnesses and evidence

9    necessary for the resolution of Petitioner's contentions are available in Los Angeles County.  *See*

10   *Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can, of course, transfer habeas cases to

11   the district of conviction which is ordinarily a more convenient forum); *Laue v. Nelson*, 279

12   F. Supp. 265, 266 (N.D. Cal. 1968).

13         Therefore, in the furtherance of justice, **IT IS ORDERED** that the Clerk of this Court

14   transfer this matter to the United States District Court for the Central District of California,

15   Western Division.  *See* 28 U.S.C. § 2241(d).  **IT IS FURTHER ORDERED** that the Clerk of

16   this Court serve a copy of this Order upon Petitioner and upon the California Attorney General.

17   DATED:  February 25, 2008

18   _____

19   JOHN A. HOUSTON
     United States District Judge

20

21

22

23

24

25

26

27

28